UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL ANDREW SCUTERI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:23-cv-00029-JPH-MKK |
| ) | |
| LAFAYETTE POLICE DEPARTMENT, ) | |
| KYLE ASKREN Assistant Chief, ) | |
| DANVILLE POLICE DEPARTMENT, ) | |
| UNIVERSITY OF ILLINOIS BOMB ) | |
| SQUAD, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, SCREENING COMPLAINT, AND DIRECTING SERVICE OF PROCESS**

Plaintiff, Michael Scuteri, is a prisoner at Putnamville Correctional Facility.  *See* dkt. 3 at 1.  Mr. Scuteri filed this 42 U.S.C. § 1983 action against the Lafayette Police Department, the Danville Police Department, the University of Illinois Bomb Squad, and Attica Police Department Assistant Chief Kyle Askren.  Dkt. 1.

I.  *In forma pauperis* status

Mr. Scuteri's motion to proceed *in forma pauperis* is **GRANTED**.  Dkt. [3]; *see* 28 U.S.C. § 1915(a).  While *in forma pauperis* status allows Mr. Scuteri to proceed without prepaying the filing fee, he remains liable for the full fees.  *Rosas v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees.").

1

No initial partial filing fee is ordered because Mr. Scuteri lacks the means to pay one.  *See* dkt. 3-1 at 1; 28 U.S.C. § 1915(b)(4).

## II.     Screening Standard

Because Mr. Scuteri is a prisoner as defined by 28 U.S.C. § 1915A(c), the Court must screen his complaint under 28 U.S.C. § 1915A(b).  Under this statute, the Court must dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).  To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## III.    The Complaint

Mr. Scuteri alleges that on May 7, 2021, he "was in a drug induced mental breakdown which caused a manic state" and erratic behavior.  Dkt. 2 at 2.  That morning, he had "multiple run-ins with the Lafayette Police

Department," which did not detain him even though he "clearly posed a legitimate and grave threat to [him]self and others."  Id.

That afternoon, Attica Police Department Assistant Chief Kyle Askren seized Mr. Scuteri's property without a warrant and did not inventory the property or provide a receipt.  Id.

Mr. Scuteri was then involved in a high-speed pursuit across the Indiana/Illinois border.  Id. at 3.  The Danville, Illinois Police Department incorrectly assumed that Mr. Scuteri had an explosive device because a bungee cargo net over a broken window appeared to be wires wrapped around Mr. Scuteri's arm.  Id.  Danville police deployed "stop sticks," and Mr. Scuteri hit a concrete retaining wall, causing his car to be engulfed in flames.  Id.  The University of Illinois Bomb Squad then detonated Mr. Scuteri's computer equipment and personal belongings even though it determined that there was no explosive device in the car.  Id.

From these events, Mr. Scuteri "suffered severe burns, a broken neck, a broken back, a severe concussion, and the loss of [his] freedom."  Id.  He has sued the Lafayette Police Department, the Danville Police Department, the University of Illinois Bomb Squad, and Attica Police Department Assistant Chief Kyle Askren, seeking monetary damages.  Id. at 4.

### IV.   Discussion of Claims

Mr. Scuteri's claims against the Lafayette Police Department, the Danville Police Department, and the University of Illinois Bomb Squad **are dismissed**.  42 U.S.C. § 1983 claims "may be brought against . . . local

governmental entities for actions by its employees only if those actions were taken pursuant to an unconstitutional policy or custom." *Holloway v. Delaware Cty. Sheriff*, 700 F.3d 1063, 1071 (7th Cir. 2012); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Mr. Scuteri has not alleged that the officers with those entities acted under any department policy or custom or identified actions by any individual officers from those entitles. *See id.* If he believes that a claim should proceed based on a policy or custom of those entities or against their individual officers, he may file an amended complaint with supporting allegations.

Liberally construed, the complaint's allegations are sufficient to plausibly assert a Fourth Amendment claim for unreasonable seizure of property, which **shall proceed** against Mr. Askren. *See Kelly–Lomax v. City of Chicago, Ill.*, 49 F.4th 1124, 1125 (7th Cir. 2022).[1]

No other claims or defendants have been identified in the complaint. If Mr. Scuteri believes that the Court has overlooked a claim or defendant, he shall have through **February 23, 2023**, to identify those omissions to the Court.

The **Clerk shall update** the docket to show Kyle Askren as the only defendant.

---

[1] Mr. Scuteri also alleges that the property was not returned, but he has not pleaded facts to support a Fourteenth Amendment due process claim related to the property's disposition or alleged an individual defendant responsible for the disposition. *See Kelly–Lomax*, 49 F.4th at 1125.

## V. Directing Service of Process

The **clerk is directed** under Federal Rule of Civil Procedure 4(c)(3) to issue process to defendant Kyle Askren in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 2, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 1/20/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL ANDREW SCUTERI
286882
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Kyle Askren
Attica Police Department
200 South McDonald Street
Attica, IN 47918